# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Luis Alfonso Hernandez (Spanish)      **Dkt. No.:** 14CR03709-001-BAS

**Reg. No.:** 42855-298

**Name of Sentencing Judicial Officer:** The Honorable Cynthia Ann Bashant, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony.

**Date of Revocation Sentence:** September 12, 2022

**Sentence:** 12 months and 1 day's custody; 1 year's supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On May 9, 2023, Mr. Hernandez's conditions of supervised release were modified to include outpatient drug treatment.

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** March 29, 2023

**Asst. U.S. Atty.:** Mark W. Pletcher      **Defense Counsel:** Martha McNab Hall (Appointed) (619) 544-1451

**Prior Violation History:** Yes. See prior court correspondence.

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about April 15, 2023, Mr. Hernandez used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on May 4, 2023.<br><br>2. On or about May 23, 2023, Mr. Hernandez used a controlled substance, as evidenced by the urine sample he submitted at Geo Reentry Services (GEO) on May 23, 2023, which confirmed positive for amphetamine and methamphetamine.<br><br>3. On May 9, and 17, and June 13, 2023, Mr. Hernandez failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at GEO, as required. |

***Grounds for Revocation:*** As to Allegation 1, Mr. Hernandez reported to the U.S. Probation Office on April 18, 2023, and submitted a urine specimen that subsequently screened positive for amphetamines. When informed of the positive screen on May 4, 2023, Mr. Hernandez admitted to the probation officer to using methamphetamine on April 15, 2023. He then signed an admission form, in formal acknowledgement of his drug use.

As to Allegation 2, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by the offender on May 23, 2023, confirmed positive for amphetamine and methamphetamine.

As to Allegation 3, the undersigned received and reviewed the Chain of Custody for Drug Analysis forms, which confirm that on the above dates, Mr. Hernandez failed to submit urine samples, as required. On May 4, 2023, the undersigned reviewed written instructions for drug testing with Mr. Hernandez, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Hernandez was instructed to call the drug testing line after 8:15 p.m., before each testing day, and report for testing when instructed to do so by the automated recording. Testing days are Monday through Friday.

| **(Special Condition)** Enroll in and complete an anger management program as directed by the probation officer. | 4. Mr. Hernandez failed to complete an anger management program as directed. |
|---|---|

***Grounds for Revocation:*** As to Allegation 4, I have received and reviewed the New Creations Discharge Summary Report which confirms Mr. Hernandez was unsuccessfully discharged from anger management due to absenteeism. On April 18, 2023, the probation officer directed Mr. Hernandez to enroll in and successfully complete anger management at New Creations. Mr. Hernandez was instructed to participate in anger management once per week until successfully completing the program. According to the discharge report, Mr. Hernandez was absent on May 10, 17, and 24, 2023, and as a result, he was unsuccessfully terminated.

**(Special Condition)**
Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

5. Mr. Hernandez failed to participate in drug treatment counseling at Self-Management and Recovery Training (SMART) Recovery, as directed.

*Grounds for Revocation:* As to Allegation 5, on May 4, 2023, Mr. Hernandez was directed by the probation officer to enroll in drug treatment at SMART Recovery and participate in outpatient drug treatment sessions once per week. On June 12, 2023, the probation officer received notice from SMART Recovery, confirming Mr. Hernandez enrolled in treatment, but he has not participated in any treatment sessions.

**(Standard Condition)**
After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

6. On May 30, 2023, Mr. Hernandez failed to report to the U.S. Probation Office, as instructed.

*Grounds for Revocation:* As to Allegation 6, during a telephonic contact with Mr. Hernandez on May 26, 2023, the probation officer directed the offender to report in person to the U.S. Probation Office on May 30, 2023. Mr. Hernandez failed to report to the probation office as directed.

**VIOLATION SENTENCING SUMMARY**

**SUPERVISION ADJUSTMENT**

In a violation report dated May 8, 2023, Your Honor was informed Mr. Hernandez used methamphetamine. The Court ordered Mr. Hernandez participate in an outpatient drug treatment program, as recommended by the probation officer. Regrettably, since the last correspondence to the Court, Mr. Hernandez submitted a urine sample that confirmed positive for methamphetamine, and he has failed to report for drug testing as instructed. He has further failed to participate in outpatient drug treatment as directed and was unsuccessfully terminated from an anger management program. Most concerning, he failed to report for supervision, as directed, and he has ceased contact with the probation office.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Hernandez is 35 years old. He is single and has fathered two children who reside in Mexicali, Mexico. Mr. Hernandez reported residing with his mother in Mexicali, Mexico. He reported employment as a seasonal agricultural laborer in Imperial County. As the Court may recall, during Mr. Hernandez's previous term of

supervised release, he was convicted of felony battery with serious bodily injury. Consequently, the offender was sentenced to a term of state supervision, and he is presently being supervised by the Imperial County Probation Department. According to the Imperial County Probation Department, Mr. Hernandez failed to report on June 1, 2023, and his state probation term expires on March 22, 2024.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (drug use, failure to submit to drug tests, failure to complete an anger management program, failure to participate in drug treatment, and failure to report to probation as directed) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

### JUSTIFICATION FOR BENCH WARRANT

Based on Mr. Hernandez's history of violation conduct and his ongoing methamphetamine use, he is considered a danger to himself and the community. Additionally, Mr. Hernandez has failed to make himself available for treatment and supervision. Therefore, a bench warrant is respectfully recommended.

**RECOMMENDATION/JUSTIFICATION**

During Mr. Hernandez's second term of supervised release, the probation office informed Your Honor of violation conduct by Mr. Hernandez on one occasion. As a result, Your Honor ordered the offender participate in drug treatment. Since that time, Mr. Hernandez submitted a urine sample that confirmed positive for methamphetamine and failed to appear for drug testing. Additionally, Mr. Hernandez failed to participate in anger management and drug treatment, and he failed to report for supervision as directed.

This is the second time Mr. Hernandez is facing revocation proceedings in this matter. Given these factors, if the allegations of noncompliance are sustained, it is respectfully recommended supervised release be revoked. Due to the nature of the allegations of noncompliance and Mr. Hernandez's continuous breach of the Court's trust, it is recommended he be sentenced to 9 months' custody, with no supervised release to follow. Despite being given the opportunity to remain in the community to address his behavior through community-based programming, Mr. Hernandez continues to struggle while on supervision. Worse yet, he appears to have no interest in his rehabilitation. With this considered, and given he is presently on state probation, a federal term of supervision is not recommended. Should Mr. Hernandez desire real change in the future, he is familiar with the programs and resources in the community.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 14, 2023

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by Arturo Montano
U.S. Probation Officer
(760) 339-4209

Reviewed and approved:

Lorena Gonzalez
Supervisory U.S. Probation Officer

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Hernandez, Luis Alfonso

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 14CR03709-001-BAS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| Drug use | C |
| Failure to submit drug tests as directed | C |
| Failure to complete an anger management program as directed | C |
| Failure to participate in drug treatment as directed | C |
| Failure to report as directed | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                                [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                      [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                             [   3 to 9 months   ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

| X | AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT. |

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_/s/ Cynthia Bashant_                                            7/11/2023
The Honorable Cynthia Ann Bashant                                Date
U.S. District Judge